IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-173-XR |
| | § | |
| THE GEO GROUP, INC., and JUAN | § | |
| AGUILAR, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Plaintiff John Doe's Motion for Remand to State Court and for Expedited Consideration (docket no. 5), Defendant The GEO Group, Inc.'s Response (docket no. 8), and Plaintiff's Reply (docket no. 11).  Also before the Court is Defendant The GEO Group's Motion to Strike Affidavit (docket no. 9).  After careful consideration, the Court will deny Plaintiff's Motion to Remand and deny Defendant's Motion to Strike.

## BACKGROUND

Plaintiff John Doe filed suit against Defendants The GEO Group, Inc. and Juan Aguilar on February 23, 2015, in the 81st District Court in Frio County, Texas.  Docket no. 1-1 at 1.  Doe alleges Aguilar sexually assaulted him while he was incarcerated at GEO Group's South Texas Detention Complex.  *Id.* at 7.  Aguilar was an employee of GEO Group at the time.  *Id.*  Doe contends that GEO Group was aware of Aguilar's "dangerous sexual tendencies," had been warned about his "extremely dangerous propensities," and had the ability to foresee Aguilar's assault on Doe.  *Id.* at 8.  The Original Petition includes sexual assault, negligence and gross negligence, premises liability, and conspiracy as causes of action.  *Id.* at 8–9.

The conduct alleged in the Original Petition was the subject of a federal criminal proceeding: *United States v. Aguilar*, 5:14-CR-00223-XR.  In that case, Aguilar was found guilty of a violation of 18 U.S.C. § 2243(b), which makes it a federal crime for a person to knowingly engage in a sexual act with a person who is in official detention and under the authority of said person.  *See United States v. Aguilar*, 5:14-CR-00223-XR, docket nos. 71, 73.  Aguilar was sentenced to twenty-one months imprisonment and five years of supervised release.  *See* 5:14-CR-00223-XR, docket no. 99.

On February 18, 2016, GEO Group removed the case to this Court.  Docket no. 1.  The Notice of Removal alleges that while Aguilar is a resident of Texas, he has not been served with process and so this case is removable.  Docket no. 4 at 2.  Doe filed his Motion to Remand on March 17, 2016.  Docket no. 5.  He contends that in fact, Aguilar has been served with process and argues that GEO Group is engaging in forum manipulation.  *Id.* at 1–2.  Additionally, Plaintiff argues that the removal was untimely.

## ANALYSIS

### I.        Removal – Generally

A notice of removal must be filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).  "Additionally, a defendant may remove a case that is not initially removable within 30 days of receipt through service of a copy of the pleading indicating that the case has become removable."  *Thompson v.*

*Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 302-03 (5th Cir. 2014) (citing 28 U.S.C. § 1446(b)(3)).

**II.       Was Removal proper in this case?**

On December 3, 2015, GEO Group was served with Plaintiff's Original Petition.   On December 28, 2015, GEO Group filed its Original Answer.  GEO Group appears to argue that it did not remove this case on that date because it did not know that Aguilar had not been properly served.

Plaintiff is a citizen of Honduras.  GEO Group is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.  Prior to his sentencing Aguilar was a resident of Texas.   He is currently incarcerated in the Federal Corrections Institute at Yazoo City, Mississippi.  He is scheduled to be released in June 2016. All parties treat him in this case as still a Texas resident, since the expectation is that he will return to Texas upon the completion of his incarceration.

It is clear from the record that Aguilar was not properly served with the state lawsuit.  It was sent to an address in Pearsall, Texas, but the address indicated was not his home address. No attempt was made to have him served at FCI Yazoo City.  The "green card" returned for the incorrect address did not contain Aguilar's signature.

GEO Group contends that on February 18, 2016, it received a "paper" under 28 U.S.C. § 1446(b)(3) stating that Aguilar had not been properly served with process.[1]   Accordingly, it argues that it timely removed this matter within thirty days of that date.

GEO Group maintains it was unable to remove this case within thirty days of December 3, 2015 (the date it was served with the state court petition) because Aguilar is a resident of

---

[1] In a letter dated February 17, 2016, attorney Tim Flocos of Austin, Texas sent a letter to Plaintiff's counsel and counsel for Geo Group asserting that Aguilar had not been properly served.  Apparently Plaintiff's counsel filed a motion for default judgment against Aguilar on October 26, 2015.  The gap in time is not explained by any party.

Texas.  "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  GEO Group asserts that based upon the documents filed in the state district clerk's office, the record appeared to reflect that Aguilar had been served with the state court petition.  It contends it did not become aware that Aguilar had not been properly served until it received the letter from attorney Flocos.

Plaintiff responds that Mr. Flocos has previously represented the GEO Group[2] and that the letter sent by Mr. Flocos is merely a guise to allow GEO an opportunity to remove the case and deprive Plaintiff of the venue he selected.

### A.  Joined and Served

More importantly, Plaintiff, relying upon cases outside the Fifth Circuit and prior to the 2011 amendments, argues that despite the 'joined and served' provision of section 1441(b), the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal (relying upon *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) and other cases).  It appears that the concern in these cases is that if a defendant became aware of the filing of a petition and quickly removed before service could be accomplished upon any resident defendant, a defendant could accomplish removal in circumstances where it is not otherwise entitled.  *See Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 525 (D. Md. 2002) ("Accordingly, the fact that defendant Aventis Pasteur, Inc. cleverly managed to learn of the filing of the first four cases and quickly obtained

---

[2] The Court is unable to determine whether Mr. Flocos has actually represented the Geo Group in the federal court cases referenced by Plaintiff.  Mr. Flocos has represented individual co-defendants in cases where Geo Group is a defendant, those individuals were employed by the Geo Group, and Mr. Flocos may have actually been employed at one time as an attorney for the corporation.

copies of the complaints before plaintiffs could serve their amended complaints does not require denial of the motions for remand.").

28 U.S.C. § 1441, as amended in 2011, clearly states that if any party properly joined and served as a defendant is a citizen of the State in which such action is brought, the case may not be removed based upon diversity jurisdiction.  Accordingly, defendants improperly joined may be disregarded.[3]  It is difficult for this Court to reconcile why improperly joined defendants may be disregarded, but unserved defendants must be considered.  Indeed, just as much mischief can be done by a plaintiff in naming defendants, but never serving them.  In addition, in the Fifth Circuit, the presence of an in-state defendant is not a jurisdictional defect, but merely a procedural defect that is waived unless raised within thirty days of removal.  *See Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998).

This Court agrees with the analysis and opinion of Senior District Judge David Ezra serving in this district.  The facts in this case are similar to *Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838 (W.D. Tex. Oct. 7, 2015) ("While the Court shares the concern that allowing removal prior to service on a forum defendant could allow forum manipulation by defendants, this concern does not override the plain language of the statute. Section 1441(b)(2) prohibits removal only where a forum defendant has been 'properly joined and served,' and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal. The parties are completely diverse, and there was no forum defendant properly served at the time of removal. As a result, remand is not required.").

---

[3] One way to establish improper joinder is to show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).  Improper joinder is not an issue in this case.

In this case notwithstanding the presence of attorney Flocos, there is no evidence of forum manipulation by GEO Group in this case. It did not attempt to race to the federal courthouse prior to service upon Aguilar. The Court turns next to whether the letter sent by Mr. Flocos constitutes an "other paper" for purposes of triggering the thirty-day time period to remove this case.[4]

### B. "Other Paper" and "Voluntary Act"

"Correspondence between the parties and their attorneys or between the attorneys usually is accepted as an 'other paper' source that initiates a new thirty-day period of removability." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). The letter from Mr. Flocos was a document that meets this definition. The question requires, however, further analysis. The Fifth Circuit has indicated that the "other paper" conversion requires a voluntary act by the plaintiff. *See S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 494 (5th Cir. 1996). This requirement of a "voluntary act" by the plaintiff stems from the principle that the plaintiff is the master of his pleadings and the burden is on the removing party to establish that the federal court has jurisdiction over the case. *See Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961).[5] In addition, the voluntary/involuntary rule "prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts. This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and

---

[4] Plaintiff suggests an improper relationship with the limited representation Mr. Flocos provided Aguilar in relaying that service was not effectuated upon Aguilar. Aguilar, however, was not required to waive proper service and Mr. Flocos was not required to accept service on behalf of Aguilar.

[5] Accordingly, affidavits prepared by a defendant seeking removal are not sufficient to meet Section 1446(b)'s requirements. *See Borquez v. Brink's Inc*., No. CIV.A.3:10CV380-O, 2010 WL 931882, at *6 (N.D. Tex. Mar. 12, 2010). *See also S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 494 (5th Cir. 1996)(" We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one.").

the plaintiff then obtained a reversal of the dismissal in the state appellate courts." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967).

The voluntary/involuntary rule is not absolute. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) ("Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder."). In this case the letter placing the GEO Group on notice that Aguilar had not been properly served was written by Mr. Flocos, not Plaintiff's counsel. To that end, the writing and transmission of the letter was not a voluntary act by the Plaintiff. It could be argued, however, that the filing of the motion for default judgment, that triggered the letter, was a voluntary act by the Plaintiff. Further, the purposes for the voluntary/involuntary rule are not an issue in this case. Plaintiff never properly served Aguilar, and accordingly, there is no concern about any dismissal of the resident defendant occurring in the state court and any state appellate review. In addition, the Flocos letter is not similar to any affidavit based upon subjective belief.

The bottom line in this unique fact pattern is the concerns underlying the voluntary/involuntary rule are not present in this case. GEO Group timely removed this case once it became aware that Aguilar was not properly served. Inasmuch as Aguilar had not been properly served, Plaintiff's alternative argument that removal was defective for failing to obtain Aguilar's consent lacks merit. GEO Group had no obligation to secure Aguilar's consent to the removal of this case. Plaintiff's request for attorney's fees associated with this removal is denied. GEO Group's motion to strike the affidavit of Plaintiff's counsel is denied.

**CONCLUSION**

Plaintiff John Doe's Motion for Remand (docket no. 5) is denied.   Defendant GEO Group's Motion to Strike Affidavit (docket no. 9) is denied.

It is so ORDERED.

SIGNED this 24th day of May, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE