

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-173-XR |
| | § | |
| THE GEO GROUP, INC., and JUAN | § | |
| AGUILAR, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

On this date, the Court considered Defendant The GEO Group's Motion to Dismiss (Docket no. 22) and Plaintiff John Doe's Motion for Leave to File Amended Complaint (Docket no. 34). After careful consideration, GEO's Motion to Dismiss (Docket no. 22) is GRANTED IN PART and DENIED IN PART, and Doe's Motion for Leave (Docket no. 34) is DENIED.

## BACKGROUND

Plaintiff John Doe filed suit against Defendants The GEO Group, Inc. and Juan Aguilar on February 23, 2015, in the 81st District Court in Frio County, Texas. Docket no. 1-1 at 1. On February 18, 2016, GEO removed to this Court on the basis of diversity. Docket no. 1. Doe filed a motion to remand, which was denied on May 24, 2016. Docket nos. 5, 12.

Doe alleges that while he was incarcerated at GEO's South Texas Detention Complex, Aguilar sexually assaulted him. Docket no. 1-1 at 7. Aguilar was an employee of GEO at the time. *Id*. Doe contends that GEO Group was aware of Aguilar's "dangerous sexual tendencies," had been warned about his "extremely dangerous propensities," and had the ability to foresee Aguilar's assault on Doe. *Id*. at 8. The Original Petition includes causes of action for sexual

1

assault and conspiracy against both defendants, and asserts premises liability, negligence, and gross negligence claims against GEO only. *Id*. at 8–9.

On November 1, Doe filed a motion for leave to file his First Amended Complaint. Docket no. 34. The proposed amended complaint adds factual allegations detailing the sexual assault itself and includes new sections alleging that GEO is vicariously liability for the actions of Aguilar. Docket no. 34-1 at 2–3, 8–9. It also seeks to add causes of action against both defendants for intentional infliction of bodily injury, sexual assault, and intentional infliction of emotional distress. *Id*. at 3–6.

The conduct alleged in the original and amended Petitions was the subject of a federal criminal proceeding: *United States v. Aguilar*, 5:14-CR-00223-XR. In that case, Aguilar was found guilty of a violation of 18 U.S.C. § 2243(b), which makes it a federal crime for a person to knowingly engage in a sexual act with a person who is in official detention and under the authority of said person. *See United States v. Aguilar*, 5:14-CR-00223-XR, Docket nos. 71, 73. Aguilar was sentenced to twenty-one months imprisonment and five years of supervised release. *See* 5:14-CR-00223-XR, Docket no. 99.

Now before the Court is GEO's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c) (Docket no. 22) and Doe's Motion for Leave to File his Amended Complaint (Docket no. 34).

## DISCUSSION

### I.   GEO's Motion to Dismiss

#### a.  Standard of Review

A Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Nat'l Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.

### b. Analysis of Claims Against GEO

#### i. Negligence Claims

Doe alleges that his injuries and damages, arising from Aguilar's sexual assault, were caused by GEO's negligence in several ways. Docket no. 1-1 at 8–9. Notably, he alleges that Aguilar had dangerous sexual propensities, and that GEO knew of these propensities. *Id*. He alleges that GEO was negligent in hiring, supervising, training, and failing to warn based on its knowledge of Aguilar's dangerous sexual propensities. *Id*.

GEO argues in its motion to dismiss that Doe's allegations are mere recitations of the elements of a cause of action. Docket no. 22 at 4–6. GEO argues that the complaint does not allege specific facts to support Doe's claims of GEO's knowledge and inadequate policies with regard to Aguilar's dangerous propensities. *Id.* Doe's response to the merits[1] of this motion appears to be a verbatim recitation of his complaint. Docket no. 27.

GEO's motion to dismiss is denied with respect to Doe's negligence claims against GEO arising from GEO's negligent hiring, supervision, and failure to warn of Aguilar's known dangerous propensities. Though Doe may not necessarily set forth the specific details of precisely what GEO knew, when GEO knew it, or how GEO knew it, his complaint nevertheless meets the federal pleading standards under *Twombly* and *Iqbal*. His allegations, which at this stage must be accepted as true, are plausible on their face.

In addition, the type of evidence that would be relevant to alleging GEO's knowledge of Aguilar's dangerous sexual propensities is likely in GEO's control. For example, it is GEO, and not Doe, who has access to Aguilar's application for employment, hiring documents, and any background checks that were run in association with hiring him. Similarly, it is GEO, and not Doe, that would have access to internal records of Aguilar's employment with GEO that would indicate whether Aguilar has ever been disciplined, investigated, or accused of similar behavior. Doe cannot be expected to pled details relating to GEO's knowledge of Aguilar's prior behavior based on evidence that, if it exists, he does not have control over.

Should the discovery process reveal that there is indeed no such evidence of GEO's knowledge of Aguilar's dangerous sexual propensities, or no evidence of the existence of such propensities, the Court will entertain a motion for summary judgment on this point. Until then,

---

[1] Doe also argues that a dismissal under Rule 12(c) is premature. For reasons discussed later in this order, the Court disagrees with this argument, but denies GEO's motion with respect to this negligence claim for other reasons.

Doe has adequately pled a cause of action for negligence based on GEO's knowledge of Aguilar's dangerous sexual propensities. GEO's motion is DENIED on this claim.

### ii.   All Other Claims Against GEO

Aside from his negligence and gross negligence claims, Doe brings causes of action for sexual assault, premises liability, and conspiracy against GEO. GEO's motion to dismiss makes essentially the same argument against these claims that it made against the negligence claims—Doe has not pled specific facts to support the causes of action in the complaint. Docket no. 22 at 4, 7 Again, Doe's response is simply a verbatim recitation of the complaint, and an argument that dismissal under Rule 12(c) is premature because Aguilar has not yet answered, meaning that the pleadings are not "closed" within the meaning of Federal Rule of Civil Procedure 12(c) . Docket no. 27.

As an initial matter, consideration of GEO's motion is not premature. As GEO points out, GEO is only moving to dismiss the claims that Doe has asserted against GEO, who has already answered. In this sense, the pleadings are closed as to GEO. Doe may well be correct that a dismissal under Rule 12(c) of his claims against Aguilar may be premature because Aguilar has not yet answered, but that is not what GEO's motion seeks and is not the relief that this Court grants.

GEO's motion is granted with respect to Doe's causes of action against GEO for sexual assault, premises liability, and conspiracy because these causes of action do not satisfy the plausibility standard set forth in *Iqbal*. The sexual assault claim alleges that GEO "is jointly and severally liable . . . because it aided or encouraged [Aguilar] in making the sexual assault by commanding, directing, advising, procuring, instigating, promoting, controlling, assisting, or abetting the sexual assault overtly." Docket no. 1-1 at 8. The premises liability claim states that

GEO "breached its duty of care owed to Doe as an invitee of the premises by facilitating Aguilar's sexual assault and/or failing to monitor a known risk of sexual assault on the premises." *Id*. The conspiracy claim asserts that GEO "was aware or should have been aware of Defendant Aguilar's sexual abuse of Doe. [GEO] helped and conspired with Defendant Aguilar to conceal his abuse and/or facilitated the abuse of Doe." Docket no. 1-1 at 9–10. These causes of action are simply not plausible under *Iqbal* without the pleading of stronger facts. All of these claims rely on the implicit premise that GEO in some way actively encouraged or facilitated the sexual assault, and that GEO should accordingly be held liable. Unlike the negligence theory discussed above, which depends on GEO's mere knowledge of Aguilar's dangerous tendencies, these causes of action go a step further and allege that GEO affirmatively assisted Aguilar in sexually assaulting Doe. Doe does not explain how GEO provided this assistance or why GEO would have been motivated to provide this assistance. In other words, Doe's complaint provides no plausible reason for GEO conspiring with or actively encouraging Aguilar to sexually assault Doe, or, absent that, any specific way in which GEO did so.

Accordingly, GEO's motion to dismiss is granted on Doe's sexual assault, premises liability, and conspiracy claims, which are hereby dismissed.

## II.   Doe's Motion for Leave to File Amended Complaint

As GEO has already filed an Answer, Doe may only amend his Complaint with leave of the Court. FED. R. CIV. P. 15(a). Although leave to amend pleadings "shall be freely given when justice so requires" under Rule 15(a), leave to amend is not automatic. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). The decision to grant or deny a motion to amend is within the sound discretion of a trial court. *Id*. In exercising its discretion, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile if it fails to state a claim upon which relief could be granted such that it would be subject to dismissal. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Doe seeks leave to file an amended complaint to assert new causes of action for intentional infliction of bodily injury, sexual assault, and intentional infliction of emotional distress. Docket no. 34. To the extent that Doe seeks to assert these new causes of action against GEO, his motion for leave to amend is denied. For reasons similar to those discussed above, these claims would not state a claim upon which relief could be granted, and would thus be futile. In particular, Doe's amended complaint and the new causes of action set forth therein assert no plausible basis for liability against GEO, as they fail to set forth facts to explain how or why GEO deliberately assisted and furthered the sexual assault. In addition, the new theory of vicarious liability set forth in the amended complaint is futile as well, as it provides no plausible basis or factual allegation for how Aguilar's sexual assault would within the scope of his employment or authority. *See Ogunbanjo v. Don McGill of W. Houston, Ltd.*, No. 01-13-00406-CV, 2014 WL 298037, at *4 (Tex. App. Jan. 28, 2014) (affirming grant of summary judgment against sexual assault victim's claims against an employer because the sexual assault, committed by an employee, was outside the course and scope of employment).

For other reasons, leave to amend is not justified for Doe's claims against Aguilar. The claim of intentional infliction of emotional distress is foreclosed by the availability of other remedies against Aguilar and the legal nature of this claim as a "gap-filler" tort, which "cannot

be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). Further, Doe's proposed causes of action for "infliction of bodily injury" and "threat of bodily injury" are mostly bare recitations of legal conclusions; to the extent that they do allege facts, they contain no allegations related to what the threat was and what bodily injury was suffered. Because the allegations of these proposed causes of action are too vague and conclusory to state a proper cause of action, leave to amend to add these claims would be futile. For these reasons, Doe's Motion for Leave to Amend is denied.

## CONCLUSION

Defendant GEO's Motion to Dismiss (Docket no. 22) is GRANTED IN PART and DENIED IN PART; Doe's claims against GEO for negligence and gross negligence remain pending, but his claims against GEO for sexual assault, premises liability, and conspiracy are hereby DISMISSED. Additionally, Plaintiff Doe's Motion for Leave to File an Amended Complaint (Docket no. 34) is DENIED.

It is so ORDERED.

SIGNED this 7th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE